# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-1348V

|  |  |
|---|---|
| WILMA JONES,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br><br>Filed: February 18, 2026 |

*Wendy Cox, Siri & Glimstad, LLP, Austin, TX, for Petitioner.*

*Irene Angelica Firippis, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On August 12, 2025, Wilma Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccine received on October 29, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 18, 2026, Respondent filed a combined Rule 4(c) Report and Proffer, in which he **concedes** that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer at 1. Specifically, Respondent agrees that Petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), as defined by the Vaccine Injury Table. *Id.* at 5 (citing 42 C.F.R.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

§§ 100.3(a), (c)(10)). Respondent further agrees that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id*. (citing Section 13(a)(1)(B) and Section 11(c)(1)(D)(i)).

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master